IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SAMUEL J. LEBLANC, | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. G-04-572 |
| J. RAY MCDERMOTT, INC., | § |
| Defendant. | § |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

This case arises out of injuries allegedly sustained by Samuel J. LeBlanc ("Plaintiff") while working on a drilling barge operated by J. Ray McDermott, Inc. ("Defendant"). Now before the Court comes Defendant's Motion to Transfer Venue to the Eastern District of Louisiana. For the reasons stated below, Defendant's Motion is respectfully **DENIED**.

I.      Background

Plaintiff, a Louisiana resident, alleges that he was injured on November 11, 2002, when he fell on a gangway or catwalk while carrying equipment between the barge on which he was working and the jacket. He was employed by C&G Welding, Inc. ("C&G"), and he asserts that at the time of his injury, he was a borrowed employee of Defendant. C&G's work was pursuant to a Blanket Subcontractor's Agreement between C&G and Defendant. Defendant now moves to transfer to the Eastern District of Louisiana.

II.     Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

III.   Analysis

A.   *Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendant lists four employees as potential witnesses: the captain in Weston, Florida; the supervisor in Houma, Louisiana; a company representative from Amelia, Louisiana to discuss the contract between C&G and Defendant; and the safety technician in Lucedale, Mississippi. Potential non-party witnesses include representatives from C&G in Cut Off and Houma, Louisiana on the contract between C&G and Defendant and on Plaintiff's work history and earnings; the medic in Naples, Texas; the surgeons who operated on Plaintiff in Thibodeaux, Louisiana; a physical therapist and two treating doctors in Houma; another treating doctor in Thibodeaux; two doctors who are apparently Defendant's experts in Gray, Louisiana; and Plaintiff's experts, Dr. Cupic and Dr. McCoin, in Houston. Plaintiff also asserts that the many individuals listed in Defendant's Initial Disclosures as potentially having discoverable information (all the crew members of the barge and representatives of other companies) may be witnesses, but their contact information is not yet available.[1]

While some witnesses might find trial in Louisiana more convenient, the likely witnesses are scattered throughout the Gulf Coast region. No forum will be convenient for all the witnesses, and this Court is as qualified as any other to hear this case. This factor weighs against transfer.

B.  *Location of Books and Records*

The location of books and records is generally of little importance in this type of case. Defendant has not given the Court any indication that the records located in Louisiana are so voluminous as to cause Defendant to incur substantial cost in transporting them to this Court. *See*

---

[1] Plaintiff states in his Response: "McDermott has not carried its burden of showing that all potential fact witnesses . . . are located within the proposed new venue." (Pl's Resp. at 7.) This is a misstatement of the law. The movant is not required to prove that any or all of the potential fact witnesses live in the transferee district; the movant is merely required to show that the transferee forum would be more convenient and accessible for the *likely* witnesses. *See LeBouef*, 20 F. Supp. 2d at 1060.

*LeBouef*, 20 F.Supp.2d at 1060 ("The Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston [from Louisiana]."). This factor does not weigh for or against transfer.

C. *Potential for Delay*

Trial is set for September 26, 2005. The Court acknowledges that Defendant graciously did not oppose Plaintiff's request for additional time to respond to this Motion, and therefore it is not entirely Defendant's fault that the Court is considering this Motion so close to trial. Nonetheless, trial is less than three months away. Transferring the case at this stage would necessarily cause significant delay. This factor weighs against transfer.

D. *Plaintiff's Choice of Forum*

Defendant acknowledges that the Plaintiff's choice of forum is generally entitled to great deference, but it maintains that the choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff lives in the Eastern District of Louisiana. However, Plaintiff's choice is still entitled to some deference unless there is no other connection to this forum. *See id*. at 1109. Plaintiff plans to bring two witnesses from this District, and Defendant does significant business and has a major office in this District. Plaintiff's choice is therefore still entitled to some deference. This factor weighs against transfer.

E. *Place of the Alleged Wrong*

Defendant also argues that the Court should consider the place of the alleged wrong. At the time of Plaintiff's injury, the barge was operating off the coast of Louisiana. Plaintiff does not

contest this fact.  This factor weighs in favor of transfer.

IV.    Conclusion

While Defendant has presented an excellent argument, the Court finds that transfer to the Eastern District of Louisiana would not increase the availability and convenience of the majority of witnesses scattered across several states, and that transfer would cause a significant delay in the resolution of this case.  Therefore, the Court respectfully **DENIES** Defendant's Motion to Transfer to the Eastern District of Louisiana.  Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 9th day of July, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge